[Civ. No. 22102.  First Dist., Div. Two.  Mar. 15, 1965.]

SIGNAR LINDROTH et al., Plaintiffs and Respondents, v. KARL WINDBIGLER et al., Defendants and Appellants.

McKittrick, Marks & Pazos and James R. McKittrick for Defendants and Appellants.

Huber & Goodwin and Norman C. Cissna for Plaintiffs and Respondents.

AGEE, J.—Defendants cut and removed timber valued at $4,515 from plaintiffs' land without permission. They appeal from that portion of the judgment which awards double this amount as damages.

Under section 3346 of the Civil Code, if such a trespass is wilful and malicious,[1] "the measure of damages is three times such sum as would compensate for the actual detriment, except that where the trespass was *casual or involuntary*,[2] . . . the measure of damages shall be *twice* the sum . . . ."

The section also provides that, where the trespasser relies upon a mistaken boundary line fixed by a licensed surveyor, the measure of damages shall be the actual detriment incurred. Here, however, the trial court's finding is that "the [boundary] line upon which Defendants relied was *not* one established by a licensed surveyor."

The trial court further found that the trespass was casual and involuntary and not "wilful and malicious." It therefore denied treble damages.

Defendants do not contend that any of the findings are not supported by the evidence. Their sole contention is that the issue of double damages was not properly before the trial court. We do not agree.

Plaintiffs' complaint alleges that "the trespass and acts of the Defendants and each of them were *not casual or involuntary*, but on the contrary, were wilful and malicious . . .; that as a result thereof Plaintiffs are therefore entitled to treble damages . . . ."

Defendants were thereby advised at the very outset of this litigation that plaintiffs were making an issue as to which measure of damages was applicable, *viz.*, that applied to a "wilful and malicious" trespass (treble) or that applied to a casual and involuntary trespass (double). (Civ. Code. § 3346.)

---

[1]While the section does not expressly so provide, in order to award treble damages it must be established that the trespass was wilful and malicious. (*Caldwell* v. *Walker*, 211 Cal.App.2d 758, 762 [27 Cal.Rptr. 675].)

[2]All italics herein are added.

The pretrial conference order does not expressly mention "double damages" but states that "The issue of wilfullness is also presented by the complaint . . . to determine whether or not *treble* damages should be awarded."

This reference to what is "presented by the complaint" on the subject of treble damages, when viewed in the light of the allegation therein which adopts the exact wording of the provision in section 3346 applicable to double damages, demonstrates that the issue presented was "wilful and malicious" trespass (treble damages) *versus* "casual or involuntary" trespass (double damages).

The trial court ordered that the issue as to the location of the boundary line between the adjoining lands of the parties be tried first and separately from the other issues. The evidence admitted during this phase of the trial showed without conflict that the boundary line upon which defendants had relied was not one established by a licensed surveyor. It was therefore apparent to defendants that they were subject to an award of either double or treble damages.

At the end of the first phase of the trial, defendants expressly acknowledged that, assuming a trespass, the issue as to whether double damages should be awarded was before the court. Their own counsel stated to the court at this point: "We have nothing further, your Honor. I wonder, is the court going to take up the question of whether or not there would in the event that there is a trespass, whether or not the damages would be *double* or tripled?" The court replied: "Not at this time, I am going to take up the [boundary] line at this time."

The trial of the damage phase did not commence until after the court announced its decision in favor of plaintiffs on the liability phase. Defendants concede that, in determining the issue as to the measure of damages to be applied, the trial court could and should consider the evidence theretofore admitted insofar as it was relevant to such damage issue.

The evidence introduced during the trial of the damage phase was devoted almost entirely to the issues as to the *amount* of timber removed and the *value* thereof. Both sides were apparently content to submit the issue as to the *measure* of damages, i.e., actual, double, or treble, on the evidence relevant to such issue which had theretofore been introduced during the liability phase.

The question of who had the burden of proving whether the trespass was (1) wilful and malicious or (2) casual and

involuntary or (3) committed in reliance upon a mistaken boundary line fixed by a licensed surveyor is academic. The conflict between (1) and (2) was resolved in favor of defendants and the finding as to (3) could not have been otherwise under the undisputed proof.

Judgment affirmed.

Shoemaker, P. J., and Taylor, J., concurred.